UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

KEVIN FENNICK,
        Plaintiff,

        v.                              CIVIL ACTION NO.
                                        12-10866-DPW
JOSEPH T. KITTREDGE, ET AL.,
        Defendants.

                MEMORANDUM AND ORDER FOR DISMISSAL
                          May 17, 2012

WOODLOCK, D. J.

**I.   INTRODUCTION**

   On April 23, 2012, plaintiff Kevin Fennick ("Fennick"),[1] a frequent filer in this Court and other federal courts, filed a self-prepared complaint in the United States District Court for the District of Columbia (Washington, D.C.)). *See Fennick v. Kittredge, et al.*, Civil Action No. 1:12-00634-UNA. That action was transferred to this Court because all of Fennick's allegations forming the basis of the complaint occurred in Massachusetts and all the named Defendants are located in Massachusetts. On May 14, 2012, this Court received the transfer and assigned a civil action number.[2]

   In this action, Fennick alleges civil rights violations by Massachusetts state court judges, Trooper John Staco and his attorney, the Massachusetts State Police Department, a Quincy

---

[1] Fennick lists a Post Office box in Boston, Massachusetts as his mailing address; he provides no other information concerning his residence.

[2] The matter initially was assigned to Magistrate Judge Bowler, but was later reassigned to me for further proceedings.

District Court clerk, the Massachusetts Attorney General, and others.  In brief, Fennick claims that on September 12, 2003, Trooper Staco obtained and disseminated CORI information about him without his consent or authorization and for his own personal use, and that the Defendants conspired to violate is due process rights.

Along with his complaint, Fennick filed a Motion for Leave to Proceed *in forma pauperis* in the District of Columbia.

**II.  DISCUSSION**

    A.   <u>The Motion for Leave to Proceed *In Forma Pauperis*</u>

Fennick's financial disclosures indicate that he has no assets or income and lacks sufficient funds to pay the filing fee for this action.  Accordingly, his Motion for Leave to Proceed *in forma pauperis* is <u>ALLOWED</u>; however, this status is to no avail, since this action will be <u>DISMISSED</u> for the reasons set forth below.

    B.   <u>The Complaint is Subject to Screening</u>

Because Fennick is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

For purposes of preliminary screening, Fennick's complaint is construed liberally because he is proceeding *pro se*. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

    C.   <u>Fennick is Enjoined and Fails to State Plausible Non-Frivolous Claims</u>

Fennick's claim against Trooper Staco previously was litigated in Massachusetts state court; the claims against Trooper Staco were dismissed. Fennick attempted on a number of occasions thereafter to obtain relief from the state. Having been unsuccessful in the state court, Fennick then sought redress in this Court by asserting a conspiracy by counsel, Trooper Staco, and judges of the state court.

In 2007, he filed a civil complaint raising the same issues as in the state court litigation regarding Trooper Staco's actions. He also raised due process claims against Massachusetts Assistant Attorney General Jennifer Laverty and Judge Thomas Connolly in connection with his dismissal of the first state court action. *See Fennick v. Staco, et al.*, Civil Action No. 07-11096-MLW. Chief Judge Wolf dismissed that action and warned Fennick that he could be subject to sanctions.

Undeterred, in 2009, Fennick filed another civil action in this Court reiterating his claims. *See Fennick v. Saunders, et al.*, Civil Action No. 09-10377-MLW. Again, Chief Judge Wolf dismissed Fennick's lawsuit. He also enjoined Fennick as follows.

> Plaintiff is ENJOINED from attempting to relitigate this action, or any of the issues raised or which could have been raised in this action, either directly or indirectly, and from instituting in this Court any other lawsuit absent prior permission of a judicial officer of this Court, upon a motion and good cause shown. A copy of this Memorandum and Order shall be submitted along with any Motion for Leave to Institute Lawsuit or any other similar pleading which may be filed by Fennick. The Clerk is directed to return any non-complying pleading to Fennick, and no action shall be taken by the Court with respect to any document that does not strictly comply with this Order.

Memorandum and Order (Docket No. 6)(May 27, 2009).

In the instant action, Fennick seeks $175 million in damages from Trooper John Staco, and $1993 million from the State of Massachusetts and Trooper Staco's attorneys, Margaret Rubino and Joseph Kittredge. It is unclear why Fennick chose initially to file his lawsuit in the United States District Court for the District of Columbia, particularly where all the alleged wrongdoings took place in Massachusetts and where all the Defendants are located in Massachusetts. I reasonably infer that because he was enjoined from litigating his claims in this Court, Fennick continues to seek redress elsewhere.

In any event, I find that the instant action is one that is encompassed by Chief Judge Wolf's Order enjoining Fennick. I further find that Fennick has failed to comply with the directives contained therein. He has not sought leave to file the instant action and I decline to permit him leave. At this juncture, it is clear that Fennick's claims are frivolous, abusive, malicious

and/or vexatious.  Moreover, it is clear that the actions about which Fennick complains occurred more than three years ago.[3]  Thus, Fennick fails to state any plausible claims upon which relief may be granted.[4]

Accordingly, for all of the reasons set forth herein, this action is <u>DISMISSED</u> <u>with</u> <u>prejudice</u> pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[5]  Fennick is reminded that he is subject to the Order enjoining him.  He is warned that any

---

[3]The statute of limitations for claims under the Civil Rights Act in the District of Massachusetts is three years.  *Nieves v. McSweeney*, 241 F.3d 46, 52-53 (1st Cir. 2001)(§ 1983); *Johnson v. Rodriguez*, 943 F.2d 104, 107 (1st Cir. 1991) (§ 1981); *Govan v. Trustees of Boston Univ.*, 66 F. Supp. 2d 74, 80 (D. Mass. 1999) (§§ 1981, 1985).

[4]The United States Court of Appeals for the First Circuit has held that "a complaint which states a claim that appears to have expired under the applicable statute of limitations may be dismissed as frivolous" under the *in forma pauperis* statute. *Johnson v. Rodriguez*, 943 F.2d 104, 107 (1st Cir. 1991), *cert. denied*, 502 U.S. 1063 (1992)(quoting *Street v. Vose*, 936 F.2d 38, 39 (1st Cir. 1991), *cert. denied*, 502 U.S. 1063 (1992)).  Although the statute of limitations is an affirmative defense and Fed. R. Civ. P. 8(a) does not require a plaintiff to plead facts to avoid potential affirmative defenses, a complaint can be dismissed for failure to state a claim if the allegations therein show that relief is barred by the relevant statute of limitations. *See Jones v. Bock*, 549 U.S. 199, 215 (2007)("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief.  If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim....").

[5]To the extent that Fennick seeks monetary damages against the Commonwealth of Massachusetts, his claims are also subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because the Commonwealth of Massachusetts is entitled sovereign immunity under the Eleventh Amendment under these circumstances.

violation of that Order could result in the imposition of additional sanctions.

   D.   <u>Further Order of Enjoinment</u>

In order to ensure that Fennick does not continue to waste the scarce judicial resources of the court, it is hereby Ordered as follows.

> Upon receipt of any civil action filed by Fennick in another District and subsequently ordered transferred to this District, the Clerks Office is directed to open the matter as a transferred action, and immediately close the action noting on the docket that the transferred action is automatically dismissed in view of the Order Enjoining Fennick. Should Fennick seek to re-open the closed transferred action, he must file a Motion to Reopen and demonstrate good cause, under the penalties of perjury, why the action should be reopened.

   E.   <u>Certification That Any Appeal Would Not Be Taken in Good Faith</u>

Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), I find, and hereby <u>CERTIFY</u>, that any appeal by Fennick of the matters contained in this Memorandum and Order would not be taken in good faith. Such a certification prohibits *in forma pauperis* status on appeal even though Fennick has been found to be indigent.

"[T]he applicant's good faith is established by the presentation of any issue that is not plainly frivolous." *Ellis v. United States*, 356 U.S. 674 (1958)(*per curiam*); *see Wooten v. District of Columbia Metropolitan Police Department*, 129 F.3d 206, 208 (D.C. Cir. 1997). A complaint is "frivolous" if "it lacks an

arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. That is the case here. For the reasons stated herein, I find that any appeal would not deserve additional judicial attention.

Should Fennick seek to appeal the dismissal of this action, he must pay the $455.00 appellate filing and docketing fee or he must seek leave to proceed *in forma pauperis* directly from the United States Court of Appeals for the First Circuit.

A copy of this Memorandum and Order shall be transmitted to the First Circuit's Clerk's Office.

### III. CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* is <u>ALLOWED</u>;

2. This action is <u>DISMISSED</u> in its entirety;

3. Upon receipt of any civil action filed by Fennick in another District and subsequently ordered transferred to this District, the Clerks Office shall open the matter as a transferred action and immediately close the action noting on the docket that the transferred action is automatically dismissed in view of the Order Enjoining Fennick. Should Fennick seek to re-open the closed transferred action, he must file a Motion to Reopen and demonstrate good cause, under the penalties of perjury, why the action should be reopened; and

4. The Court <u>CERTIFIES</u> that any appeal of the dismissal of this action would not be taken in good faith.

SO ORDERED.

                                         <u>/s/ Douglas P. Woodlock</u>
                                         DOUGLAS P. WOODLOCK
                                         UNITED STATES DISTRICT JUDGE