```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

KEVIN FENNICK,
    Plaintiff,

    v.                                 CIVIL ACTION NO.
                                       12-10866-DPW

JOSEPH T. KITTREDGE, ET AL.,
    Defendants.

<u>MEMORANDUM AND ORDER</u>
August 17, 2012

WOODLOCK, D.J.

## I. INTRODUCTION

On May 17, 2012, I issued a Memorandum and Order (Docket No. 5) dismissing plaintiff Kevin Fennick's self-prepared complaint that was originally filed in the District of Columbia and then transferred to this Court. I found that Mr. Fennick was an enjoined litigant, had engaged in frivolous, abusive, malicious and/or vexatious litigation practices, and that he failed to state non-frivolous claims in this action.

I further directed that should Mr. Fennick seek to re-open this closed action, he was obliged to file a Motion to Reopen and demonstrate good cause, under the penalties of perjury, why the action should not be reopened. Finally, I certified that any appeal by Mr. Fennick of the dismissal of this action would not be taken in good faith.

On August 14, 2012, Mr. Fennick filed a pleading entitled "Motion to Reopen and Amend the additional named persons provided all in compliance to the Rules of Court" (Docket No. 7). Along with that motion, Mr. Fennick filed a document entitled "Amending Motion to file responsive motion late in compliance to the rules

the United States District Court House" (Docket No. 8). The caption of that motion does not contain a docket number as the other motion did; rather, it appears that he seeks to have the document filed as a new civil action.

In brief, Mr. Fennick asserts that this Court denied him the right to appeal (presumably by certifying that any appeal would not be taken in good faith). He also claimed he originally filed this case in Washington, D.C. because Massachusetts was committing an act of rebellion against the Constitution (presumably because the Norfolk District Court in Dedham, Massachusetts adversely ruled against him in a suit against Trooper Staco based on alleged improper access to his CORI records). Additionally, Mr. Fennick states that he sought permission from this Court to extend the statute of limitations on his claims against Trooper Staco. He also claims that Massachusetts is not entitled to sovereign immunity for violations of state and federal law.

In his Motion to Reopen, Mr. Fennick again asserts collusion between Massachusetts state courts, Trooper Staco, and his legal counsel. He seeks to review the matter with investigators regarding a criminal and civil conspiracy, and Treason by the Norfolk County Court Justices and others.

## II. DISCUSSION

Mr. Fennick's litigation history involving claims against Trooper Staco, his counsel, and the Massachusetts state courts and judges have been extensively addressed by this Court in this and other cases, and thus need not be reiterated here. *See Fennick v.*

*Sanders, et al.*, C.A. 12-10866-DPW; *Fennick v. Staco, et al.*, C.A. 07-11096-MLW. His attempt to reopen his claims stemming from Trooper Staco's alleged improper discovery of Mr. Fennick's CORI records and the resulting criminal and civil litigation in the state courts, is yet another such frivolous, abusive, vexatious and malicious pleading. The filing of such pleadings drains the resources of the District Court to the detriment of other litigants and constitutes wilful ignorance of the rulings of judges of this Court.

In short, Mr. Fennick's two motions are utterly without merit and do not demonstrate good cause why this action should be reopened. Accordingly, I will <u>DENY</u> both of his motions.

### III. CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's "Motion to Reopen and Amend the additional named persons provided all in compliance to the Rules of Court" (Docket No. 7) is <u>DENIED</u>; and

2. Plaintiff's "Amending Motion to file responsive motion late in compliance to the rules the United States District Court House" (Docket No. 8) is <u>DENIED</u>.

3. The Court certifies that any appeal from the denial of these motions would not be taken in good faith.

SO ORDERED.

                                            <u>/s/ Douglas P. Woodlock</u>
                                            DOUGLAS P. WOODLOCK
                                            UNITED STATES DISTRICT JUDGE