UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEVIN FENNICK,
          Plaintiff,

          v.                                    CIVIL ACTION NO.
                                                12-10866-DPW
JOSEPH T. KITTREDGE, ET AL.,
          Defendants.

MEMORANDUM AND ORDER
September 16, 2013

## I.   INTRODUCTION

On May 17, 2012, I issued a Memorandum and Order (Docket No.
5) dismissing plaintiff Kevin Fennick's self-prepared complaint
upon the finding that Fennick, an enjoined litigant, had engaged
in frivolous, abusive, malicious and/or vexatious litigation
practices, and that he failed to state non-frivolous claims in
this action.[1]

On August 14, 2012, Fennick filed two motions seeking to
reopen this action and to amend the complaint to add additional
parties.  On August 17, 2012, I issued a Memorandum and Order
(Docket No. 9) denying both motions, finding that his attempt to
reopen this action was yet another frivolous, abusive, vexatious,
and malicious pleading.  I also certified that any appeal of the

---

[1]Fennick's litigation history involving claims against
Trooper Staco and his counsel, as well as Massachusetts state
courts and state court judges is extensive.  These claims have
been addressed extensively by this Court in this and other cases,
and thus need not be reiterated here. *See, e.g., Fennick v.
Sanders, et al.*, C.A. 12-10866-DPW; *Fennick v. Staco, et al.*,
C.A. 07-11096-MLW.  In brief, Fennick's claims stem from alleged
improper discovery of his CORI records and resulting criminal and
civil litigation in the Massachusetts courts.

Memorandum and Order would not be taken in good faith.

Undeterred, on August 31, 2012, Fennick filed a motion entitled "Emergency Motion to Waive Judicial Immunity against the Justices from the Norfolk Superior Court Allowing Future Pretrial Hearing in U.S. Court Amending State of Massachusetts." (Docket No. 11).  In that motion, he requests that both judicial immunity and sovereign immunity be waived so that he may serve summonses on the judges previously named in his lawsuit and amend his complaint to include the Quincy District Court as a defendant.

Additionally, the same day, Fennick filed a Letter (Docket No. 10) requesting that documents be transferred to the Dedham Superior Court.

Thereafter, on September 10, 2012, Fennick filed a pleading entitled "Second Amended Complaint of Injunction" and lists the defendant as "The State of Massachusetts Norfolk County."  *Id.* The pleading is virtually incoherent.  From what can be gleaned, he, once again, disputes the state court rulings dismissing his civil action.  He also contends that judicial immunity does not apply when a judge commits an intentional tort, even if the tort occurs in the courthouse.  Further, he  seeks to file a complaint to add Judge Wolf and me as a party to his suit for declining to grant declaratory relief to him.  He also seeks to include the Vice President of the United States and the U.S. House of Representatives as parties.  He asserts his action is against the

United States for $7 billion in damages.

On or about October 18, 2012, Fennick filed an "Emergency Motion to Suspend the Retirement of Judge Mark Wolf in Compliance to the Rules of the United States Federal Court."  He also filed a letter asking the Court to forward to him all papers that accompanied the transfer of his civil action from the District of Columbia to this Court.

Thereafter, on December 21, 2012, Fennick filed a new complaint, seeking permission to file by alleging he has filed it in good faith.  He seeks my recusal as well as Judge Wolf's.

Essentially, in this proposed complaint, Fennick alleges the improper distribution of sealed court records on the internet, in violation of his fourth amendment rights.  The complaint is against the State of Massachusetts and the U.S. House of Representatives.  He reiterates his claims against Trooper Staco for unlawfully obtaining his CORI records, and reiterates his unsuccessful litigation attempts in state court, alleging the state court judges wrongfully dismissed his lawsuit.  He again takes issue with this Court's dismissals of his claims based on absolute judicial immunity.  He now claims the Commonwealth of Massachusetts makes it possible for any citizen to obtain his court file, and that placing these records over the internet makes it easier for lawyers to retrieve his confidential information in the course of defending their clients.  In short, he does not want the general public to be able to see documents

from his lawsuits.  He claims that he has been wronged by the
Commonwealth and by the House of Representatives because of this
public disclosure, and seeks $753 million in damages.  He also
seeks to have all the information on the internet concerning this
litigation removed, contending it is sealed by a criminal court,
although he does not provide details of this assertions.

On January 28, 2013, Fennick filed yet another proposed new
complaint against the Federal Bureau of Investigation ("FBI") and
the Commonwealth of Massachusetts, alleging the failure of the
FBI to investigate is part of a conspiracy to protect Trooper
Staco and the State Police.  Along with the proposed complaint,
Fennick filed a Motion for Leave to Proceed *in forma pauperis*.

On February 21, 2013, Fennick filed a pleading entitled
"Amending Complaint to Remove Sealed Information Internet Search
Engines in Violation of the Privacy Protection Rights in
Compliance to the Rules Afforded to the United States District
Court House."  He names as defendants Lisa White and the FBI
Agency, Inc.

On February 22, 2013, Fennick filed an "Emergency Motion for
Speedy Trial Against Federal Bureau of Investigations Amending
Lisa White to Civil Action."

On March 14, 2013, Fennick filed a letter to this Court seeking to have the federal court issue a criminal application to him for filing, following the state court procedures.  He seeks to file a complaint against the State Department based on public corruption and treason against the United States.  He lists the duties of the United States Marshal, the FBI, the Attorney General, and alleges that his constitutional rights have been violated by not being able to bring his lawsuit against the state police officer (*i.e.*, Trooper Staco), since his prior suits in state court have been dismissed with prejudice.

On September 10, 2013, Fennick filed an "Emergency Motion to Remove Above Docketed Case From the Internet/Websearch Engines All In Compliance To The Rules Of The United States District Court" (Docket No. 12).  He seeks to vacate the Order enjoining suits absent prior permission of a judge and to remove all docket entries in this action having to do with Trooper John Staco's information about him, on the grounds that the East Boston District Court sealed the Trooper's allegations against Fennick after he was acquitted.  He asserts his right to privacy and is concerned that future employers may learn about this matter.

## II.   DISCUSSION

### A.   The Request for Transfer of Court Documents

First, with respect to the request for transfer of court documents to the Dedham Superior Court, Fennick's request is

DENIED as completely unfounded.  Should Fennick seek to have

copies of records from this Court for filing in another court, he

may request that copies be made by the Clerk's Office provided he

pays the standard copying and service fees.

B.    The Motion to Waive Judicial Immunity

Next, with respect to Fennick's Motion to Waive Judicial

Immunity, it is clear that the Order prohibiting him from

relitigating his previously-dismissed claims have been

unavailing.  He consistently ignores the directives of this Court

and persists on renewing his dismissed claims despite the Order

enjoining him from doing so.  *See Fennick v. Saunders, et al.*,

Civil Action No. 09-10377-MLW (Memorandum and Order (Docket No.

6)(May 27, 2009)).[2]  Fennick's arguments regarding the lack of

judicial immunity are utterly without merit.  Accordingly, his

---

[2]That Order provided that:

> Plaintiff is ENJOINED from attempting to relitigate
> this action, or any of the issues raised or which could
> have been raised in this action, either directly or
> indirectly, and from instituting in this Court any
> other lawsuit absent prior permission of a judicial
> officer of this Court, upon a motion and good cause
> shown.  A copy of this Memorandum and Order shall be
> submitted along with any Motion for Leave to Institute
> Lawsuit or any other similar pleading which may be
> filed by Fennick.  The Clerk is directed to return any
> non-complying pleading to Fennick, and no action shall
> be taken by the Court with respect to any document that
> does not strictly comply with this Order.

*Fennick v. Saunders, et al.*, Civil Action No. 09-10377-MLW
(Memorandum and Order (Docket No. 6).

Motion to Waive Judicial Immunity (Docket No. 11) is <u>DENIED</u> with prejudice.

   C.   <u>The Second Amended Complaint of Injunction</u>

   Fennick's attempt to file another lawsuit in this Court challenging the rulings of the state court judges as well as this Court's rulings, on the grounds of the lack of judicial immunity, also are without merit and violate Judge Wolf's Order enjoining him.

   Accordingly, I will <u>STRIKE</u> the Second Amended Complaint of Injunction and will not permit the complaint to be opened as a new case in this Court, or to serve as a basis for reopening any closed civil action dismissed by this Court.

   D.   <u>The Emergency Motion to Suspend the Retirement of Judge Mark Wolf</u>

   As an initial matter, it is unclear what Fennick seeks through his emergency motion to suspend Judge Wolf's scheduled retirement.[3]  His pleading indicates the defendants to be Judge Wolf and myself.

   Fennick again asserts that his prior lawsuits were dismissed by Judge Wolf and me erroneously, contending, *inter alia*, that sovereign immunity did not bar his cases.  He contends that it is

---

   [3]It bears noting that when Judge Wolf announced his intention to take "senior status" as a Senior District Judge, he did not announce his intention to retire from the District Court. On January 1, 2013, Judge Wolf took senior status but remains a judicial officer of this Court.

ironic that Judge Wolf's announcement of his impending retirement
did not take place until after Fennick filed an amended lawsuit
in this court.  He states that "Judge Wolf simply might be in
search of protecting his retirement package and to evade this
Civil suit against him."  Motion at ¶ 4.

Fennick's motion is wholly without merit and is frivolous.
Accordingly, his "Emergency Motion to Suspend the Retirement of
Judge Mark Wolf in Compliance to the Rules of the United States
Federal Court" is <u>DENIED</u> with prejudice.

E.    <u>The Request for All Papers in Transferred Action</u>

To the extent Fennick seeks copies of all papers
accompanying the transfer of his lawsuit from the District of
Columbia to this Court, the request is <u>DENIED</u>.

As with his request for documents to be transferred to the
Dedham Superior Court, Fennick is not entitled to such services
by the Clerk.  Should Fennick seek to have copies of records from
this Court, he may request that copies be made by the Clerk's
Office provided he pays the standard copying and service fees.

F.    <u>The Request for Permission to File New Lawsuit: *Fennick
      v. Commonwealth of Massachusetts and U.S. House of
      Representatives*</u>

Fennick's attempt to file a lawsuit against the Commonwealth
of Massachusetts and the House of Representatives based on his
allegations that his constitutional rights have been violated
because information from his lawsuits are available to the public

through the internet is futile.  His stated cause of action has

no legal or factual merit.

Briefly, his claims for monetary damages are not cognizable

because the claims fail to comport with the pleading requirements

of Rule 8 of the Federal Rules of Civil Procedure, the State and

the House of Representatives are not liable under a *respondeat*

*superior* theory of liability, and because the Commonwealth of

Massachusetts is entitled to sovereign immunity under these

circumstances and the House of Representatives is entitled to

legislative immunity.

As an additional matter, Fennick's factual premise that

sealed court records are available through the internet is not

credible.  He fails to identify with specificity the sealed

documents to which he refers, and, in any event, this Court's

electronic docket does not contain sealed records in any of his

federal civil cases.  There is no order from any judge of this

Court in connection with a criminal case that requires Fennick's

documents to be sealed.  Moreover, to the extent that Fennick is

complaining that the general public has access to the records in

his cases and that this undermines his reputation, this

allegation does not have constitutional implications.  "Lawsuits

are public events. *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th

Cir. 2000) *citing Doe v. Frank*, 951 F.2d 320, 324 (11th Cir.

1992).  "[T]he public has an important interest in access to

legal proceedings..."  *Id.*

In light of the above, I find Fennick has not shown
sufficiently any basis for this Court to relieve him from the
Order of Enjoinment to permit him to pursue further civil
litigation.  Accordingly, I will <u>DENY</u> Fennick's Request to File a
New Lawsuit, and will <u>DENY</u> any claims for relief contained
therein.  I will also <u>DENY</u> Fennick's Motion for Leave to Proceed
*in forma pauperis.*

    G.    <u>The Proposed New Lawsuit</u>: *Fennick v. Federal Bureau of*
            *Investigation*

Fennick's proposed complaint asserts inappropriate behavior
of the Commonwealth of Massachusetts, including its Superior
Court judges, by the dismissal of his cases against Trooper Staco
and the State Police.  He contends that those dismissals indicate
that the State Department Attorney General committed civil
conspiracy in order to protect John Staco and the State Police.
Fennick claims that he twice reported this matter to the FBI
after the U.S. Marshal advised him of proper jurisdiction,
requesting an investigation.  He alleges his requests to the FBI
were ignored.  He alleges that the FBI failed to investigate in
order to protect members of the Commonwealth.  He also alleges
this conspiracy involved multiple persons in the State
Department.

He seeks permission to file this action, and the recusal of
both Judge Wolf and myself.  He seeks restitution.  He also seeks

to have a "lift" of sovereign immunity against the Commonwealth of Massachusetts, and a conference where the FBI explains to the court its reasons for failing to investigate.

Attached to his complaint is, *inter alia*, a copy of a Memorandum of Decision and Order issued by Kenneth J. Fishman, Regional Administrative Justice, dated April 19, 2012, with respect to *Fennick v. Connors, Jr., et al.*, Norfolk Superior Court Civil Action No. 2012-272.  That memorandum was in response to Fennick's "Complaint Against Judicial Misconduct of Dismissal All in the Compliance to the Superior Court Rules 9A."  The memorandum noted that, in addition to that complaint, Fennick had filed eight prior actions in the Norfolk County Superior Court, and five actions in the Suffolk Superior Court.  These suits asserted claims against the U.S. House of Representatives, Attorney Joseph Kittredge and others; Justice Janet Sanders, Margaret Rubino, and others; Suzanne Caravaggio, John Staco, Justice Brady and others.  Judge Fishman found that "The plaintiff has shown a pattern of simply seeking to file a new duplicative action upon the dismissal or rejection of every other action, with no effort or ability to provide clarity in his pleadings or raise an identifiable cause of action."  Memorandum of Decision and Order at 2.  Judge Fishman concluded that Fennick was a vexatious litigant by filing frivolous, incomprehensible and unnecessary actions, without justification.  Accordingly,

11

Fennick was barred from filing, in the Superior Court Department

of the Massachusetts Trial Court, any future claims and

pleadings, complaints, motions to amend, or otherwise, unless he

received leave of court to file after good cause shown.

I find that the proposed new complaint presents no plausible

claims and that Fennick has not shown sufficiently any basis for

relief from the Order of Enjoinment.  Indeed, this complaint is

yet another frivolous, malicious, and vexatious filing by him.

Accordingly, I will <u>DENY</u> Fennick's Request to File a New

Lawsuit (contained in the body of the proposed complaint), and

will <u>DENY</u> any claims for relief contained therein.  I will also

<u>DENY</u> Fennick's Motion for Leave to Proceed *in forma pauperis*.[4]

H.   <u>The "Amending Complaint to Remove Sealed Information
     Internet Search Engines in Violation of the Privacy
     Protection Rights in Compliance to the Rules Afforded
     to the United States District Court House</u>"

It appears that Fennick is attempting to institute another

lawsuit in his Amending Complaint.  He contends, *inter alia*, that

Lisa White, (of the U.S. Court of Appeals Library) has hindered

and harassed him with respect to the use of the library.  He

fails, however, to set forth any underlying factual details in

support, and the allegations fail to set forth plausible claims

in accordance with the pleading requirements of Rule 8 of the

---

[4]In order to maintain a public record of Fennick's filings,
the Clerk is directed to docket the proposed complaints, motions,
and exhibits referenced herein as a separate entry noting the
documents were filed without leave of court.

Federal Rules of Civil Procedure.

Additionally, Fennick states that Trooper John Staco is believed to know Lisa White and her family.  He again reiterates his allegations against Trooper Staco, and the lawsuits he has filed in the state court.

Next, he contends that his cases were placed on the internet search engines belonging to Yahoo, AOL, Google, and others.  He takes issue with the fact that a user who types in his name would be able to obtain sealed information.  He submits that the only time this information should be public is if it involved a felony conviction or bankruptcy issue.

For all the reasons set forth herein, I find no good cause to be shown to permit Fennick to file his pleading to institute a new civil action against Lisa White or the FBI.

Accordingly, Fennick may not pursue his claims contained in the "Amending Complaint to Remove Sealed Information Internet Search Engines in Violation of the Privacy Protection Rights in Compliance to the Rules Afforded to the United States District Court House."

  I.    The "Emergency Motion for Speedy Trial Against Federal Bureau of Investigations Amending Lisa White to Civil Action"

Fennick's one-page Emergency Motion simply alleges harassment and hindrance in his efforts to use law library.  It does not seek any specific relief.  For all the reasons set forth

in this Memorandum and Order, Fennick's "Emergency Motion for
Speedy Trial Against Federal Bureau of Investigations Amending
Lisa White to Civil Action" is <u>DENIED</u> as unfounded.

     J.    <u>The Letter Seeking a Criminal Application</u>

As noted above, Fennick seeks criminal prosecution against
the State Department.  He claims the state has a mechanism in
place for a private citizen to file a criminal complaint and have
it heard by a clerk-magistrate, and asserts that the federal
court should have the same mechanism.

Notwithstanding Fennick's assertions, federal courts do not
have jurisdiction over criminal cases unless they are prosecuted
by the United States Attorney.  *See e.g., United States v. Panza*,
381 F. Supp. 1133, 1138 (W.D. Pa. 1974) ("[T]here is a long line
of cases holding that federal courts have no jurisdiction over
cases prosecuted in the name of the United States unless they are
prosecuted by the United States Attorney."); *Pugach v. Klein*, 193
F. Supp. 630, 633-635 (S.D.N.Y. 1961)(power to enforce criminal
law vested in executive branch by Constitution; no residual power
in private citizens to enforce law when United States Attorney
does not prosecute).

Moreover, section 547 of title 28 states that "[e]xcept as
otherwise provided by law, each United States attorney, within
his district, shall (1) prosecute all offenses against the United
States."  28 U.S.C. § 547 (1).  Here, Fennick does not have

14

standing to bring a criminal complaint because no statute

authorizes him to do so.  *Kennan v. McGrath*, 328 F.2d 610, 611

(1st Cir. 1964) *(per curiam)*; *accord Cok v. Cosentino*, 876 F.2d

1, 2 (1st Cir. 1989) (*per curiam*) (stating that only the United

States as prosecutor can bring a complaint under 18 U.S.C. §§

241-242); *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999)

(stating that individual citizens have no private right of action

to institute federal criminal prosecutions); *see Linda R.S. v.

Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen lacks a

judicially cognizable interest in the prosecution or non-

prosecution of another); 28 U.S.C. § 516 (conduct of litigation

in which the United States is a party is reserved to officers of

the Department of Justice, under the direction of the Attorney

General).

Accordingly, I will <u>DENY</u> any relief sought be Fennick in his

March 14, 2013 letter.

K.   <u>The "Emergency Motion to Remove Above Docketed Case
     From the Internet/Websearch Engines All In Compliance
     To The Rules Of The United States District Court"</u>

Fennick's "Emergency Motion to Remove Above Docketed Case

From the Internet/Websearch Engines All In Compliance To The

Rules Of The United States District Court" (Docket No. 12) seeks

the same type of relief as in his previously-submitted "Amending

Complaint to Remove Sealed Information Internet Search Engines in

Violation of the Privacy Protection Rights in Compliance to the

Rules Afforded to the United States District Court House." I will <u>DENY</u> Fennick's emergency motion because he has not demonstrated good cause for the relief requested. Generally, cases filed in this court are a matter of public record because lawsuits are public events. *See Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). I see no basis to seal documents in this case, which has been closed since May 17, 2012.

> L. <u>Order Further Enjoining Fennick</u>

At this juncture, it is clear that Fennick's contumacious behavior warrants further sanctions in order to ensure that scarce judicial resources do not continue to be wasted by diversion to the frivolous and vexatious claims he continues to raise. I previously modified the Order of Enjoinment in this case as follows:

> In order to ensure that Fennick does not continue to waste the scarce judicial resources of the court, it is hereby Ordered as follows. Upon receipt of any civil action filed by Fennick in another District and subsequently ordered transferred to this District, the Clerks Office is directed to open the matter as a transferred action, and immediately close the action noting on the docket that the transferred action is automatically dismissed in view of the Order Enjoining Fennick. Should Fennick seek to re-open the closed transferred action, he must file a Motion to Reopen and demonstrate good cause, under the penalties of perjury, why the action should be reopened.

Memorandum and Order (Docket No. 5 at 6).

In light of the above, I will <u>FURTHER MODIFY</u> the Enjoining Order as follows:

Fennick is <u>PROHIBITED</u> from filing any further pleadings *pro se*, seeking to assert claims in any form against Trooper Staco, the state courts, or state judges or any other parties that relate to Trooper Staco's action with respect to Fennick's CORI records.  Fennick may not assert claims of criminal or civil conspiracy, treason, or any other claims against Trooper Staco and the Commonwealth of Massachusetts (including its agencies or instrumentalities, or its employees or state judges), or against the United States, United States Congressmen, the United States House of Representatives, the FBI, or other federal employees, including federal judges, <u>unless he first attaches to his complaint or other pleading an affidavit signed by a duly licensed attorney admitted to practice law in the District of Massachusetts averring that the attorney has reviewed the complaint in its entirely and, upon review, has a good-faith belief that (1) the proposed complaint states a claim upon which relief may be granted, (2) is not barred by issue or claim preclusion, and (3) is not repetitive of prior lawsuits filed by Fennick with this Court. This pre-filing injunction does not prevent Fennick from defending himself in a lawsuit or filing a Notice of Appeal</u>.  Any motion or other pleading that violates this Order shall be docketed by the Clerk's Office and immediately terminated by the Clerk's Office, with no other action taken on the motion or other pleading. The prior Order with respect to transferred actions remains in effect.[5]

Fennick is <u>WARNED</u> that violation of this Modified Enjoinment Order may result in the imposition of severe sanctions, which may include the imposition of monetary sanctions and/or the institution of contempt proceedings.

---

[5]*See Sullivan v. North Carolina*, 2012 WL 3762445, at *6 (E.D.N.C.)(August 29, 2012)(imposing similar sanction).  The purpose of the modification is to obtain screening of Fennick's submission by a legal professional before Fennick is permitted to claim the Court's scarce resources in addressing his submissions.

    M.    <u>Certification That Any Appeal Would Not Be Taken in</u>
          <u>Good Faith</u>

Finally, as I did in connection with my prior Memorandum and

Order, I hereby <u>CERTIFY</u> that any appeal of the rulings contained

in this Memorandum and Order would not be taken in good faith.

His filings are vexatious and abusive; no reasonable person would

suppose that any of Fennick's arguments and claims have legal

merit.

## III.  CONCLUSION

    Based on the foregoing, it is hereby Ordered that:

1.    Plaintiff's "Emergency Motion to Waive Judicial Immunity
    against the Justices from the Norfolk Superior Court
    Allowing Future Pretrial Hearing in U.S. Court Amending
    State of Massachusetts." (Docket No. 11) is <u>DENIED</u> with
    prejudice;

2.    Plaintiff's Letter (Docket No. 10) requesting that documents
    be transferred to the Dedham Superior Court is <u>DENIED</u>;

3.    Plaintiff's Second Amended Complaint of Injunction (filed
    September 10, 2012) is <u>STRICKEN</u> and is not permitted to be
    opened as a new case on the Court's dockets or to serve as a
    basis to reopen any closed civil action in this Court;

4.    Plaintiff's "Emergency Motion to Suspend the Retirement of
    Judge Mark Wolf in Compliance to the Rules of the United
    States Federal Court" (filed October 18, 2012) is <u>DENIED</u>
    with prejudice;

5.    Plaintiff's request for all papers accompanying the transfer
    of his lawsuit from the District of Columbia to this Court,
    is <u>DENIED</u>; and

6.    Plaintiff's Request to File a New Civil Action: *Fennick v.*
    *Commonwealth of Massachusetts and U.S. House of*
    *Representatives* (filed December 21, 2012) is <u>DENIED</u>, and all
    requests for relief contained therein are <u>DENIED</u>; and

7.    Plaintiff's Request to File a New Civil Action: *Fennick v.*

*Federal Bureau of Investigation* (filed January 28, 2013) is <u>DENIED</u>, and all requests for relief contained therein are <u>DENIED</u>;

8.  All of Plaintiff's Motions for Leave to Proceed *in forma pauperis* are <u>DENIED</u>;

9.  Plaintiff's "Emergency Motion for Speedy Trial Against Federal Bureau of Investigations Amending Lisa White to Civil Action" is <u>DENIED</u>;

10. Plaintiff's Letter of March 14, 2013 seeking to file a criminal application is <u>DENIED</u>;

11. Plaintiff's "Emergency Motion to Remove Above Docketed Case From the Internet/Websearch Engines All In Compliance To The Rules Of The United States District Court" (Docket No. 12) is <u>DENIED</u>;

12. Plaintiff is <u>PROHIBITED</u> from prosecuting his purported complaint against List White and the FBI, entitled "Amending Complaint to Remove Sealed Information Internet Search Engines in Violation of the Privacy Protection Rights in Compliance to the Rules Afforded to the United States District Court House;"

13. The Order Enjoining plaintiff is <u>FURTHER MODIFIED</u> as follows:

    Fennick is <u>PROHIBITED</u> from filing any further pleadings *pro se*, seeking to assert claims in any form against Trooper Staco, the state courts, or state judges or any other parties that relate to Trooper Staco's action with respect to Fennick's CORI records. Fennick may not assert claims of criminal or civil conspiracy, treason, or any other claims against Trooper Staco and the Commonwealth of Massachusetts (including its agencies or instrumentalities, or its employees or state judges), or against the United States, United States Congressmen, the United States House of Representatives, the FBI, or other federal employees, including federal judges, unless he first attaches to his complaint or other pleading an affidavit signed by a duly licensed attorney admitted to practice law in the District of Massachusetts averring that the attorney has reviewed the complaint in its entirely and, upon review, has a good-faith belief that (1) the proposed complaint states a claim upon which relief may

19

be granted, (2) is not barred by issue or claim
preclusion, and (3) is not repetitive of prior lawsuits
filed by Fennick with this Court. This pre-filing
injunction does not prevent Fennick from defending
himself in a lawsuit or filing a Notice of Appeal.
Any motion or other pleading that violates this Order shall
be docketed by the Clerk's Office and immediately terminated
by the Clerk's Office, with no other action taken on the
motion or other pleading. The prior Order with respect to
transferred actions remains in effect; and

14.   The Court CERTIFIES that any appeal from the rulings
      contained in this Memorandum and Order would not be taken in
      good faith.


SO ORDERED.

                              /s/ Douglas P. Woodlock
                              DOUGLAS P. WOODLOCK
                              UNITED STATES DISTRICT JUDGE